# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BALDWIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 17-540 |
| | ) | District Judge Arthur J. Schwab/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| SUPERINTENDENT, SCI ALBION, THE | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF PENNSYLVANIA, and DISTRICT | ) | |
| ATTORNEY OF ALLEGHENY COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

James Baldwin ("Petitioner") has filed a counseled Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody, (the "Petition"), seeking to attack his state court convictions for first degree murder and abuse of a corpse.

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 20, filed on February 6, 2020, recommended that the Petition be denied and that a certificate of appealability likewise be denied. Petitioner was informed that he could file Objections to the Report by February 20, 2020. Petitioner's counsel filed Objections. ECF No. 22.

After careful review of the Objections, we find nothing in those Objections merits rejection of the Report and Recommendation. The Objections are not at all persuasive and in fact, are legally unfounded.

For example, Petitioner's citation to McCoy v. Louisiana, 138 S. Ct. 1500 (2018) is of no

1

use to Petitioner to the extent that he would rely upon the case to meet AEDPA standards. ECF No. 22 at 2 ("The PA Superior Court's decision in contrary to clearly established federal law established by the U.S. Supreme Court."). McCoy was decided in 2018. The last state court decision in Petitioner's PCRA proceedings was decided on December 6, 2016. Even if the state court decisions were contrary to McCoy, something Petitioner fails to establish, it would be of no legal significance because Petitioner must show the state court decisions were contrary United States Supreme Court precedent extant at the time of the decision was made by the state court. Cullen v. Pinholster, 563 U.S. 170, 182 (2011) ("State-court decisions are measured against [the Supreme] Court's precedents as of the time the state court renders its decision." (internal quotation marks omitted)); Dorsey v. Wilson, CIV.A. 07-509, 2008 WL 2952892, at *12 (W.D. Pa. July 30, 2008) ("The standards of review under AEDPA essentially require a habeas Petitioner to show that the state courts' adjudication of his federal claims constituted a decision that was contrary to or an unreasonable application of United States Supreme Court precedent **extant** at the time of those state court decisions.") (emphasis added); White v. Mooney, CV 13 - 1475, 2016 WL 128219, at *6 (W.D. Pa. Jan. 12, 2016) ("Additionally, in the second sense of 'contrary to' found in 28 U.S.C. § 2254(d)(1), i.e., the state court reached a different result from that of the Federal Supreme Court on a set of materially indistinguishable facts, Petitioner has not pointed to any Federal Supreme Court decision, **in existence at the time** the state court rendered it's decision in this case, that has a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the Superior Court in this case.") (emphasis added). And this is so, even if, as Petitioner asserts that McCoy is somehow retroactive. ECF No. 22 at 25.

      This is just one example of such inattention to detail, which is replete throughout the

Objections and which renders the Objections singularly unpersuasive.

In addition, the Objections repeatedly interpret the state court record in a light most favorable to Petitioner, quite contrary to the standard applicable in federal habeas proceedings. See, e.g., ECF No. 22 at 2 – 10 (arguing that the record establishes that Petitioner did not knowingly waive the right to take the stand, in contrast to the state trial court implicitly finding Petitioner did knowingly waive the right, see id. at 6, quoting trial transcript where the judge states: "I accept your waiver then."). Jackson v. Virginia, 443 U.S. 307, 326 (1979) ("a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."); Farnsworth v. Edwards, 947 F.2d 948 (Table), 1991 WL 218007, at *2 (7th Cir. 1991) ("This court must review a habeas corpus petition by construing the evidence in the light most favorable to the government."); U.S. ex rel. Adonai-Adoni v. Barone, CIV.A. 06-CV-5235, 2007 WL 1468811, at *2 (E.D. Pa. May 14, 2007) ("Considering that the petitioner has been convicted of a crime, the trial court's findings of fact are presumptively correct, and the factual situation involved in any habeas corpus proceeding must be viewed in the light most favorable to the prosecution." (citing Riley v. Taylor, 277 F.3d 261 (3rd Cir. 2001)). See also ECF No. 22 at 11 (Petitioner objects to the Report's observation that the proper legal analysis of Petitioner's not testifying at his trial must begin with the fact that he knowingly waived the right to testify, and Petitioner then asserts that "Petitioner objects to this statement [by the Report that Petitioner knowingly waived his right to testify] as a conclusion that is not supported by the facts in the record." Petitioner baldly asserts this notwithstanding the trial court's clear acceptance of

Petitioner's waiver of his right to testify and in the face of the AEDPA presumption of correctness).

The Objections repeatedly reverse the burden as well. See e.g., ECF No. 22 at 15 ("The MJRR states that the Superior Court 'implicitly rejected Petitioner's version of the events as incredible' but there is nothing in the record from which the MJRR can draw an inference that the Superior Court considered all the facts – the old and the new…"); id. at 16 ("There is no indication that the Superior Court gave any consideration to the record.…")  See, e.g., Turner v. Coleman, CV 13-1787, 2016 WL 3999837, at *7 (W.D. Pa. July 26, 2016) (" To the extent that Petitioner contends merely because the trial court's opinion does not mention Petitioner's mental retardation and, therefore, the opinion is silent with respect to a consideration of 'Turner's characteristics,' it necessarily follows that the trial court, in fact, failed to consider Turner's characteristics, the argument is a losing argument for Petitioner. This is because, as recently explained: a silent record supports a state court conviction in federal habeas proceedings…."); Dennerlein v. Garman, CV 16-780, 2019 WL 2135623, at *15 (W.D. Pa. May 16, 2019) ("Furthermore, we will not assume that the PCRA trial court, having heard all of the evidence, concerning Petitioner's prior access to the bank accounts, ignored such evidence, even if the PCRA trial court did not explicitly refer to all such evidence in its opinion."), *certificate of appealability denied sub nom*. Dennerlein v. Superintendent Rockview SCI, 19-2241, 2019 WL 6465061 (3d Cir. Nov. 27, 2019).

The foregoing is sufficient to demonstrate the nature of the 25-page Objections which need not be further belabored.

Accordingly, IT IS HEREBY ORDERED this 6th day of March 2020, after *de novo* review of the record and the Report and Recommendation, the Objections are overruled, the Petition for Writ of Habeas Corpus is DENIED. A certificate of appealability is likewise DENIED. The Report is adopted as the opinion of the Court.

                            SO ORDERED, this 6th day of March, 2020.

                            s/ Arthur J. Schwab
                            United States District Judge

cc:    The Honorable Maureen P. Kelly
       United States Magistrate Judge

       All counsel of record via CM-ECF